**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gregory James Rager, | Case No. 2:26-cv-00112-JAD-DJA |
| Petitioner | |
| v. | **Order Denying Motion** |
| | **In Support of Exhaustion** |
| James E. Dzurenda, | [ECF No. 18] |
| Respondent | |

Petitioner Gregory James Rager filed a pro se Petition for a Writ of Habeas Corpus on January 16, 2026, challenging his 2024 state conviction and sentence for attempted burglary.[1] On January 27, 2026, following my initial review of the petition, I ordered Rager to show cause by February 27, 2026, why the petition should not be dismissed without prejudice as wholly unexhausted.[2]  Rager did not show cause by that deadline, and yesterday I dismissed this case without prejudice, closed it, and entered judgment.[3]

Shortly after judgment was entered on March 3, 2026, the court received from Rager a motion in support of exhaustion.[4]  It's dated March 1, 2026, so it's untimely.  But even if it had been timely dispatched, that filing fails to show that Rager's claims are exhausted such that I should now reconsider yesterday's dismissal.  Rager merely attaches a docket sheet, a preliminary order, and an opening brief from his pending appeal.  Because these documents

---

[1] ECF No. 1.

[2] ECF No. 7.

[3] ECF Nos. 16, 17.

[4] ECF No. 18.

show that Rager's appeal is still pending, they only validate my conclusion that this matter is unexhausted. So this case remains dismissed and closed.

IT IS THEREFORE ORDERED that the motion in support of exhaustion **[ECF No. 18] is DENIED**. To the extent that it is necessary, a certificate of appealability is also denied.

Dated: March 3, 2026

_____
U.S. District Judge Jennifer A. Dorsey

2